1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| BRUCE SENATOR,<br><br>                              Plaintiff,<br><br>                    vs.<br><br>JEFFREY BEARD, et al.,<br><br>                              Defendants. | Civil No.        13cv0810 AJB (DHB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2];**<br><br>**AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT AND FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

20

21

22

23

        Bruce Senator ("Plaintiff"), a former state inmate, and proceeding pro se, has filed this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

24

## I.

25

### MOTION TO PROCEED IFP

26

27

28

        All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]."  *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Here, because Plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

## II.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

1    Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)

2    because it is duplicative of at least two other actions Plaintiff has filed in the Central and Eastern

3    Districts of California.  Plaintiff's Complaint contains identical claims and Defendants found

4    in *Senator v. Cates, et al.*, C.D. Cal. Civil Case No. 2:11-cv-03255-UA-PLA and *Senator v.*

5    *Cates, et al.*, E.D. Cal. Civil Case No. 2:11-cv-02029-DAD.   A court "'may take notice of

6    proceedings in other courts, both within and without the federal judicial system, if those

7    proceedings have a direct relation to matters at issue.'"  *Bias v. Moynihan*, 508 F.3d 1212, 1225

8    (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

9    A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2) if it "merely

10   repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2

11   (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations

12   omitted).  Thus, because Plaintiff has already filed two actions that contain identical claims and

13   defendants that are found in the Complaint he has filed in this action, the Court hereby

14   DISMISSES S.D. Cal. Civil Case No. 3:13-cv-00810-AJB-DHB pursuant to 28 U.S.C.

15   § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Rhodes*, 621 F.3d at 1004.

16   To the extent that Plaintiff alleges claims that are not found in the above entitled actions,

17   the Court finds that Plaintiff has failed to state a claim as to any named Defendant and a majority

18   of Plaintiff's claims are frivolous.  A complaint is frivolous "where it lacks an arguable basis

19   either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Plaintiff alleges that

20   prison officials at Calipatria State Prison ("CSP") and the Richard J. Donovan Correctional

21   Facility ("RJD") placed him in the mental health program and denied him adequate medical care

22   "to impede Plaintiff's ability to effect the arrest of prison officials upon release in 30 days."

23   (Compl. at 5.)   Based on these allegations, Court finds the claims in Plaintiff's Complaint  to

24   be frivolous because they lack even "an arguable basis either in law or in fact," and appear

25   "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

26   In addition, Plaintiff alleges that unidentified correctional officers from RJD "dumped

27   his property" in a parking lot when he was released from custody.  (Compl. at 18.)  As a result,

28   Plaintiff "was forced to load 23 boxes, weighing up 37lbs each, into a taxi, drive to downtown

San Diego, and unload 23 boxes into the Amtrak station." (*Id.*)  To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States.  *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Plaintiff fails to allege how the failure to transport his personal property in the manner he requested, following his release from prison, violates a right secured by the Constitution or the laws of the United States.

Plaintiff does suggest that some of his property was lost or damaged by prison officials. (*See* Compl. at 18.)  However, where a Plaintiff alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of an official, the Plaintiff cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the loss of his property are not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2).

Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth above but will provide Plaintiff with the opportunity to amend his Complaint to correct the deficiencies of pleading identified by the Court.

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 1] is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2.     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this

1  Order is filed in which to file a First Amended Complaint which cures the deficiencies of

2  pleading noted above.    Plaintiff's Amended Complaint must be complete in itself without

3  reference to the superseded pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and

4  any claim not re-alleged in the Amended Complaint will be considered waived.  *See King v.*

5  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).    If Plaintiff fails to file an Amended Complaint

6  within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C.

7  § 1915(e)(2).

8

9  DATED:  May 31, 2013

10  _____

11  Hon. Anthony J. Battaglia
    U.S. District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28